101 A.2d 489 (1954)
GRONEMEYER
v.
HUNTER MFG. CORP.
Court of Chancery of Delaware, New Castle.
January 6, 1954.
Joseph A. L. Errigo and John M. Bader, Wilmington, for plaintiff.
William Marvel (of Morford, Bennethum & Marvel), Wilmington, for defendant.
SEITZ, Chancellor.
As part of its counterclaim defendant seeks a preliminary injunction restraining the plaintiff from unlawfully misrepresenting to defendant's customers that it is not authorized to manufacture and sell aluminum insulation under the terms of the agreements made by plaintiff and defendant.
On February 15, 1952, plaintiff and defendant entered into a contract, whereby plaintiff delivered to defendant certain drawings and patterns for the manufacture of "Mirror Insulation". Under the terms of the contract, defendant could on or before September 30, 1953, elect either to return the patterns and drawings to plaintiff or to issue to plaintiff 2,000 shares of its common stock in payment therefor. By letter, dated August 28, 1953, defendant elected to return the patterns and drawings and other materials to the plaintiff. However, plaintiff alleges that defendant retained copies of all of the drawings and is using them to continue to manufacture "Mirror Insulation". By his complaint, plaintiff seeks the following relief:
1. To enjoin defendant and its agents from using and disclosing to others said patterns and drawings or copies thereof or the originals or copies of notes and memoranda relating thereto.
2. To direct defendant to surrender to plaintiff all copies of said patterns and drawings in its possession and the originals and copies of any notes and memoranda relating thereto.
3. To account for profits made by using such patterns since August 28, 1953.
Defendant filed a counterclaim setting forth that about the same time the pattern agreement was executed the plaintiff entered into an employment contract with defendant; that the employment contract had been terminated by defendant in accordance with the provisions of the contract (Aug. 31, 1953); that under such agreement *490 plaintiff is not permitted to engage in any similar activity for a period of two years from the termination of the agreement. Defendant alleges that notwithstanding plaintiff's agreement not to compete, plaintiff is seeking to destroy defendant's business by unlawfully indicating to defendant's customers that it no longer has the right to manufacture aluminum insulation.
Defendant's charge and its request for a preliminary injunction against plaintiff is based solely on the letter mailed by plaintiff, after termination of his employment, to certain of defendant's customers, actual or prospective. The body of that letter reads as follows:
 "Re: Mirror Insulation
 for Arizona Public Service Co.:
"Dear Sir:
"This is to inform you that Hunter Manufacturing Corporation is no longer licensed to manufacture Mirror Insulation and has not been since August 28, 1953, in accordance with Hunter's letter of that date, a photostat of which is enclosed. This means also that Plant Economy, Inc., is no longer Sales Agent for Mirror Insulation. Hunter's right to use my patterns and drawings expired September 30th under his contract. The one patent which I assigned to Hunter, does not alter this picture.
"You will also be interested to know that I, the inventor and designer, am no longer employed by Hunter to design and personally stand back of any insulation which Hunter may attempt to make.
"Furthermore, injunction proceedings are now being prepared against Hunter to prevent Hunter from using my designs copies of which the said company has refused to pay for or return. This may adversely affect orders you have placed with Hunter. I am sorry if such should be the case, but I have no other way of recovering my business.
"When these matters are settled, I shall hope to serve you."
Defendant concedes that the letter itself contains no misstatement of fact. It argues that the letter read as a whole gives the impression that defendant can no longer fill any orders for any type of insulation. Plaintiff contends that the letter contains a factual statement of his position, including his contention with respect to the pending action.
Since this is an application by defendant for interloctuory relief, it is of course not possible to take any position with respect to the merits of plaintiff's action. However, it seems to me, after a careful reading of the affidavits, that plaintiff's letter, read in its setting, is no more than a fair statement of what he considers his rights to be. These letters only went to customers who were already dealing or negotiating with defendant through its then agent, the plaintiff. It requires a substantial straining of the language of the letter to conclude, as defendant contends, that the letter suggests that defendant can no longer fill orders for any aluminum insulation. It must be read in the light of the plaintiff's and the defendant corporation's past activities which were, as to the customers who received the letter, concerned primarily if not exclusively with the sale of Mirror Insulation in its various forms.
Reading the letter as a whole and considering it against the background of this case as shown by the affidavits, I cannot say at this stage that plaintiff was not privileged to send the communication to the customers who received it, particularly in view of plaintiff's continuing interest in Mirror Insulation and his claimed rights with respect thereto. Defendant has therefore not shown an unlawful interference by plaintiff with its contractual arrangements or expectations. See Restatement of Torts, §§ 767, 773; Tidal Western Oil Corp. v. Shackelford, Tex.Civ.App., 297 S.W. 279.
I therefore conclude that defendant is not entitled to a preliminary injunction.
Order on notice.